-PS-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TALIV ALI, 94-A-8303,

Plaintiff,

-v-

Nurse JENNIFER BRINK and
Officer C. CHARRONE,

Defendants.

DECISION AND ORDER
00-CV-6557CJS

## INTRODUCTION

Plaintiff commenced this action, *pro se*, in 2000.  Ultimately, the consolidated action was narrowed to plaintiff's claims against Officer C. Charrone and Nurse Jennifer Brinks regarding an alleged assault, which plaintiff asserts occurred on or about July 9 or 10, 2000 (as set forth in Docket No. 1, the operative pleading for the action).  Defendants have moved to amended their answer to include the affirmative defense of a lack of exhaustion, and have moved for summary judgment.  For the reasons discussed below, Defendants' motions are granted and the action is dismissed.

## DISCUSSION

### A.    Amendment of Answer

The motion to amend the Answer is granted.  The delay in asserting the defense of failure to exhaust does not unduly prejudice plaintiff.  Plaintiff has been afforded an opportunity to respond in opposition to the motion and has raised no objection.  "Because this amendment to the answer occurred before trial, did not require additional discovery, and was not premised on bad faith, the district court acted within its discretion to allow the

amendment." *Belgrave v. Pena*, 254 F.3d 384, 387(2d Cir. 2001) (citing *Monahan v. N.Y. City Dep't of Corr.,* 214 F.3d 275, 283 (2d Cir. 2000); *Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1405 (11th Cir. 1994) (allowing amendment of complaint to include affirmative defense and stating that "[i]n the absence of undue delay, bad faith, dilatory motive or undue prejudice, leave to amend is routinely granted"); *Francis v. City of N.Y.,* 235 F.3d 763, 768 (2d Cir. 2000) (finding waiver after New York City failed to raise administrative exhaustion "in their answer" and waited to raise it "until after judgment had been entered" following a jury verdict)).   Accordingly, upon review of the pleadings and  considerations of the relevant factors, the Court in its discretion grants the amendment of the Answer to include the affirmative defense of failure to exhaust.

### B.    Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."   Fed.R.Civ.P. 56(c).   In deciding a motion for summary judgment, the court "must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor."   *Sologub v. City of New York,* 202 F.3d 175, 178 (2d Cir. 2000) (quotations omitted).

Where, as here, the plaintiff is proceeding *pro se,* the court must "read the pleadings . . . liberally and interpret them to raise the strongest arguments that they suggest." *Corcoran v. New York Power Auth.,* 202 F.3d 530, 536 (2d Cir. 1999) (quotations omitted). "Nonetheless, '[p]roceeding *pro se* does not otherwise relieve a litigant of the usual

requirements of summary judgment, and a *pro se* party's bald assertions, unsupported by evidence, are insufficient to overcome a motion for summary judgment.'" *Rodriguez v. Ames,* 224 F. Supp. 2d 555, 559 (W.D.N.Y. 2002), *quoting Rodriguez v. Hahn,* 209 F. Supp. 2d 344, 348 (S.D.N.Y. 2002).

### i.    Failure to Exhaust

Defendants have moved for summary judgment on two grounds – failure of plaintiff to exhaust the administrative procedures, and failure to set forth a cause of action. According to 42 U.S.C. § 1997e(a), as it was amended by section 803 of the Prison Litigation Reform Act of 1996 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted."  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002).  Further, the requirement to exhaust must be met even if the state administrative procedures do not provide for recovery of money damages.  *Booth v. Churner*, 532 U.S. 731 (2001); *and see Ruggiero v. County of Orange*, 467 F.3d 170, 177 (2d Cir. 2006).

Here, Defendants claim that Plaintiff failed to fully exhaust, and Plaintiff does not argue that he complied with the formal grievance process through final appeal.  Although, the failure to exhaust is not jurisdictional, the exhaustion requirement does gives rise to an affirmative defense.  *Jones v. Bock*, — U.S. —, 127 S.Ct. 910, 921 (January 22, 2007); *Jenkins v. Haubert,* 179 F.3d 19, 28-29 (2d Cir. 1999) ("[A] defendant in a prisoner § 1983

suit may also assert as an affirmative defense the plaintiff's failure to comply with the PLRA's requirements."). The Second Circuit decided a series of cases examining the scope of the PLRA's exhaustion requirement. *See Giano v. Goord,* 380 F.3d 670 (2d Cir. 2004); *Abney v. McGinnis,* 380 F.3d 663 (2d Cir. 2004); *Johnson v. Testman,* 380 F.3d 691 (2d Cir.2004); *Ortiz v. McBride,* 380 F.3d 649 (2d Cir. 2004); *Ziemba v. Wezner,* 366 F.3d 161 (2d Cir. 2004); *Hemphill v. New York,* 380 F.3d 680 (2d Cir. 2004). More recently, the United States Supreme Court has addressed exhaustion. *Jones v. Bock*, — U.S. —, 127 S.Ct. 910, 921 (January 22, 2007); *Woodford v. Ngo*, — U.S. —, 126 S.Ct. 2378, 2387-88 (2007).

The Second Circuit discussed the current application of these cases to a prisoner civil rights case in *Macias v. Zenk*, 495 F.3d 37 (2d Cir. 2007). In discussing *Woodford*, the Second Circuit noted that making defendants aware of a complaint was not enough to properly exhaust; "notice alone is insufficient" and concluded that "to the extent that *Braham* [*v. Clancy,* 425 F.3d 177, 183 (2d Cir.2005)] allowed for less than 'proper exhaustion' of claims under the PLRA, *Braham* has been overruled." *Macais*, 495 F.3d 37 at 44. Proper exhaustion means "that a prisoner must 'compl[y] with the system's critical procedural rules' because '[a] prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction' and '[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance.'" *Macais*, 495 F.3d 37 at 41 (quoting *Woodford* at 2387-88).

In addition to requiring compliance with the grievance procedures, the Second Circuit reviewed the factors to address in considering the exhaustion requirement, stating:

> Depending on the inmate's explanation for the alleged failure to exhaust, the court must ask whether administrative remedies were in fact available to the prisoner. The court should also inquire as to whether the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it, or whether the defendants' own actions inhibiting the inmate's exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense. If the court finds that administrative remedies were available to the plaintiff, and that the defendants are not estopped and have not forfeited their non-exhaustion defense, but that the plaintiff nevertheless did not exhaust available remedies, the court should consider whether special circumstances have been plausibly alleged that justify the prisoner's failure to comply with administrative procedural requirements.

*Macais*, 495 F.3d 37 at 41 (quoting *Hemphill v. New York,* 380 F.3d at 686 (internal quotation marks and citations omitted)).  Therefore, the Court must consider whether the administrative remedy was available to Plaintiff and whether Defendants have forfeited or are estopped for raising the exhaustion defense by their own actions.  If the procedure was available and Defendants have not waived and are not estopped, then the Court must consider whether there are special circumstances that justify the failure to exhaust.

### ii.    Available Grievance Procedures

The New York State Department of Correctional Services created an Inmate Grievance Program.  *See* 7 N.Y.C.R.R. §§ 701. 1, *et seq.*   Defendants have provided evidence that Plaintiff has utilized the program both before and after the complained of event.  With respect to the subject claim, Plaintiff argues that he began the grievance process, but did not complete it.  Significantly, Plaintiff has not raised or presented any argument that the program was not available.

5

### iii.    Forfeit or Estoppel

The Court has permitted the amendment of the Answers to include the affirmative defense.  The Court notes that the consolidated pleadings and multiple filings at the outset of this action may have contributed to some of the initial delays, but that Defendants did raise the issue at a comparatively early stage.  The original Answers were not filed until 2006, and thus the typical time in which to exhaust the claim had already run prior to the filing of the Answers.  The additional delay did not prejudice Plaintiff.  Moreover, Plaintiff has been given an opportunity to address the exhaustion issue both in response to the original motion for summary judgment and in response to the Court's Order directing a response on this issue.

While Plaintiff indicates that he did file a grievance, and was placed in the Special Housing Unit ("SHU") shortly afterward, he does not establish that the discipline was in response to, or designed to prevent his exhaustion of, the grievance.  Nor does the Plaintiff indicate that he was unable to pursue his grievance from the SHU or from another facility, or that he made any effort to do so.  Moreover, the Defendants have provided evidence that the disciplinary proceeding did not involve either of the Defendants, was based on a separate incident for which Plaintiff went to a hearing, and that Plaintiff did not appeal the determination.  Consequently, there is no evidence that Defendants have forfeited or are to be estopped from raising the defense of failure to exhaust.  *Hemphill*, 380 F.3d 686.

### iv.    Exhaustion Effort by Plaintiff

Viewing the facts in the light most favorable to plaintiff, it appears that Plaintiff is claiming that he filed a grievance regarding the assault within four days of the complained-

6

of incident.  Further, Plaintiff claims that he was placed in disciplinary confinement shortly after filing the grievance, and then removed from the facility.  He asserts, without support, that the Defendants were able to cover up the incident and to hide or destroy the grievance.  Although Plaintiff was given an opportunity to come forward with any evidence or details in support of his conclusory assertion that the lack of grievance is the result of Defendants' interference, he has failed to do so. Moreover, the Defendants have provided additional indication that they were not involved in the subsequent disciplinary action. Therefore, Plaintiff has not provided a basis for finding that there are any special circumstances that prevented or thwarted his pursuit of the grievance.  *See Hemphill v. New York,* 380 F.3d 680.

Finally, the Court considers whether there are any special circumstances that justify plaintiff's failure to exhaust despite the availability of the remedies.  "[T]here are certain special circumstances in which, though administrative remedies may have been available and though the defendant may not have been estopped from asserting the affirmative defense of non-exhaustion, the prisoner's failure to comply with administrative procedural requirements may nevertheless have been justified."  *Giano v. Goord,* 380 F.3d at 676 (citing *Berry v. Kerik,* 366 F.3d 85, 87-88 (2d Cir.2004)) (internal quotation omitted). "Such circumstances, the court has further clarified, may include a prisoner's reliance on a reasonable, if ultimately incorrect, interpretation of prison grievance regulations." *Wilkinson v. Banks*, Slip Copy, 2007 WL 2693636 (W.D.N.Y. Sept. 10, 2007) (citing *Hemphill,* 380 F.2d at 690; *Giano,* 380 F.3d at 678-79).   No such special circumstances are present here.  Plaintiff had successfully pursued grievances through the administrative process

both before and after the complained-of event.  He has not argued that he was unaware, mislead or otherwise justified in the failure to fully exhaust.  Accordingly, Plaintiff's claim is dismissed for failure to exhaust.  Such a dismissal is made without prejudice, although the delay in seeking exhaustion may now impact the statute of limitations.

In light of the dismissal, the Court need not address the merits of the claim. Nevertheless, the Court does note that Plaintiff's claims are called into question upon review of his subsequent papers, correspondence and other filings Plaintiff submitted in this action.  While the initial pleading was sufficient to survive review under 28 U.S.C. § 1915(e), Plaintiff has not provided any evidence to support his claims.  Despite affording Plaintiff multiple opportunities to provide non-conclusory support for his allegations regarding his claims, establish exhaustion, or to oppose of the motion for summary judgment, Plaintiff has not produced anything other than his own suppositions regarding actions he attributes to Defendants.  Thus, even if Plaintiff were to have exhausted, the claim is subject to dismissal because, despite Plaintiff having had the opportunity to be heard, his allegations are "not supported by any evidence in the record, and [he has not provided] . . . enough to give rise to an issue of fact." *Bumpus v. Canfield*, 495 F. Supp. 2d 316, 323 (W.D.N.Y. 2007) (citing *Houston v. Zen Zen*, 388 F. Supp. 2d 172, 176 (W.D.N.Y. 2005) (conclusory allegations are insufficient to defeat summary judgment motion)).

## ORDER

The motion to amend the Answer is granted.  The motion for summary judgment is granted.  The Complaint, consisting of one remaining claim, is dismissed without prejudice, for failure to exhaust.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:        February 7, 2008
              Rochester, New York

                         /s/ Charles J. Siragusa
                         CHARLES J. SIRAGUSA
                         United States District Judge

9