**FILED**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

-PS-

APR 11 2008

CLERK, US DISTRICT COURT, WDNY

MINISTER TALIV ALI, 94-A-8303,

    Plaintiff,

-v-

NURSE JENNIFER BRINK,

    Defendant.

DECISION AND ORDER
00-CV-6557CJS

## INTRODUCTION

Plaintiff has submitted a motion for reconsideration (Docket Nos. 50 - 61), and requested an extension of his time to appeal. For the reasons discussed below, the motion is denied and the extension is denied as moot. Further, Plaintiff is advised with respect to the potential for sanctions in the future.

## DISCUSSION

Before the Court is Plaintiff's motion for reconsideration of the Court's order of February 8, 2008 (Docket No.57) that dismissed the complaint. The Court considers Plaintiff's submission to be a motion under Fed.R.Civ.P. 60(b), which provides for relief from a final judgment, order, or proceeding when, for example, there has been a mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence which by due diligence could not have been discovered in time.

Plaintiff has filed voluminous papers in which he clearly objects to the dismissal of his complaint. Plaintiff has included language from criminal law, habeas corpus petitions and civil litigation, but, in the end, Plaintiff's papers amount to "sound and fury" through

which he disagrees with the dismissal without providing a basis to challenge the Court's decision. Nothing in Plaintiff's motion for reconsideration allows the Court to grant relief from the February 8, 2008 Order under Fed.R.Civ.P. 60(b). Plaintiff does not demonstrate that there has been a mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence which by due diligence could not have been discovered in time, nor does he show that his claim should be reopened in the interest of justice. Accordingly, Plaintiff's motion for reconsideration is hereby denied.

Additionally, having reviewed Plaintiff's papers, the Court finds that Plaintiff is requesting an extension of his time in which to file a Notice of Appeal. Plaintiff's request for an extension is denied as moot. Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure provides that the time for appeal runs from the entry of the order resolving a timely motion filed under, *inter alia*, Fed.R.Civ.P. 60, "if the [Rule 60] motion is filed no later than 10 days after entry of judgment." Fed.R.App.P. 4(a)(4)(A)(vi). Plaintiff timely filed his motion for reconsideration, and therefore Plaintiff's time to file a Notice of Appeal regarding the dismissal of this action runs from the entry of this Order. Plaintiff has thirty days from the entry of this Order to file a Notice of Appeal with this Court.

Further, Plaintiff is advised that, because he no longer has a case pending in this Court, the Court no longer has authority to provide relief for any of the various requests plaintiff submits to the Court. A U.S. District Court only has the jurisdiction over an issue which is granted to the Court by Title 28 of the United States Code, and unless there is an active case in the court, the Court has no authority to act.

Finally, Plaintiff is advised that Rule 11 of the Federal Rules of Civil Procedure permits a court to impose sanctions on a *pro se* litigant who violates Rule 11(b). See

*Jones v. City of Buffalo,* 1998 WL 214807, ** 3, 4 (W.D.N.Y. 1998); *see also Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988). "'[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus ... streamline the administration and procedure of the federal courts.'" *Jones*, at *3 (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)); *see also* Advisory Committee Notes to the 1993 Amendments to Fed.R.Civ.P. 11 ("the purpose of Rule 11 sanctions is to deter rather than to compensate"). Despite the Court's best efforts to decipher Plaintiff's submissions and to advise Plaintiff as to pleading requirements, he continues to submit papers that do not comport with the Federal Rules of Civil Procedure and fail to provide the minimal notice requirements. Plaintiff no longer has a case pending in this District. Plaintiff is therefore advised that further submissions may result in sanctions.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is denied;

FURTHER, that Plaintiff's request for an extension to file a Notice of Appeal is denied as moot because Plaintiff has thirty days from the entry of this Order to file the Notice of Appeal;

FURTHER, that the Clerk of the Court is directed to close this action;

FURTHER that correspondence received from Plaintiff following the Notice of Appeal will be returned to Plaintiff unless and until there is an active case pending in this Court; and

FURTHER that Plaintiff is advised that, pursuant Federal Rules of Civil Procedure Rule 11, sanctions may be imposed against Plaintiff in the future if further submissions are determined to be frivolous and vexatious.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: APR. 10, 2008
Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge